## LEAVITT v. WILLIAMS.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

1. COURTS (§ 237*)—APPELLATE JURISDICTION—NEW YORK SUPREME COURT—
APPELLATE TERM.

The Appellate Term may entertain appeals from orders of the Municipal Court indicated by an indorsement and entered in the· docket, under Municipal Court rule 3.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 491, 678–696; Dec. Dig. § 237.*]

2. AFFIDAVITS (§ 15*)—NOTARY'S CERTIFICATE.

A certificate of the official character of the notary before whom defendant's oath to his affidavit on motion· for a new trial was taken was fatally defective, where it failed to show that the nonresident notary was authorized to take and certify the acknowledgment and proof of deeds, as· expressly required by Code Civ. Proc. § 844, and the affidavit could not be legally used.

[Ed. Note.—For other cases, see Affidavits, Cent. Dig. §§ 61–64; Dec. Dig. § 15.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles W. Leavitt, Jr., against Robert M. Williams. From an order denying a motion to open his default, defendant appeals. Affirmed, with leave to renew motion.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

James I. Cuff, of New York City, for appellant.

William H. Grasse, of New York City, for respondent.

GUY, J. The defendant appeals from an order made by indorsement upon the motion papers and entered in the docket on October 23, 1914, denying his motion to open his default. On October 27, 1914, the plaintiff entered a formal order, reciting the papers used on the motion. No appeal has been taken from this last order.

[1] The court has entertained appeals from orders made by the justices of the Municipal Court as indicated by an indorsement and entered in the docket; and rule 3, of the Municipal Court is authority for such action. It does not appear—in fact, the contrary appears— that the formal order was ever entered in the docket.

[2] Upon the hearing of the motion, the plaintiff in his opposing affidavit makes the point that the affidavit of the defendant upon which the motion was based is not accompanied by the proper certificate of the official character of the notary or commissioner before whom the oath of the defendant was taken. This objection is clearly well taken,

and the affidavit could not legally be used. The certificate is fatally defective, in that it fails to show that the notary before whom the oath was taken was authorized to take and certify the acknowledgment and proof of deeds, as required by section 844 of the Code of Civil Procedure. The defendant attempts to evade this by referring to the contents of the formal order, which states that the objection thus taken was overruled; but, as the formal order was not entered or appealed from, we cannot consider its contents, and therefore the order appealed from was properly denied upon that ground alone.

Order affirmed, with costs, with leave to the defendant to renew his motion upon proper papers, upon payment of the costs of this appeal. All concur.